IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KURT DECKER | § | |
| | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| MILWAUKEE ELECTRIC TOOL | § | |
| CORPORATION; AMAZON.COM, INC.; | § | |
| AMAZON.COM SERVICES, LLC; | § | |
| REMN-TRADING; THE HOME DEPOT | § | |
| INC.; and NORTHERN TOOL AND | § | |
| EQUIPMENT COMPANY, INC. | § | |
| | § | |
|    DEFENDANTS, | § | |

**<u>MILWAUKEE ELECTRIC TOOL CORPORATION AND
HOME DEPOT U.S.A., INC.'S JOINT NOTICE OF REMOVAL</u>**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

     NOW COMES Milwaukee Electric Tool Corporation ("Milwaukee") and Home Depot U.S.A., Inc.'s ("Home Depot"), Defendants in a case originally pending as Cause No. 2021CCV-60826-4,[1] in the County Court at Law Number 4, Nueces County, Texas, and pursuant to the terms and provisions of 28 U.S.C. §§ 1441(a) and 1446(b), hereby respectfully file this Joint Notice of Removal of said cause to the United States District Court for the Southern District of Texas, Corpus Christi Division.[2] As grounds for removal, Milwaukee and Home Depot respectfully show the Court as follows:

---

[1] The style of the state action as set forth in Plaintiff's Original Petition is identical to the style of this Removal.
[2] Pursuant to Local Rule 81, Milwaukee and Home Depot attach as Exhibit A to this Joint Notice of Removal its Index of Matters Being Filed that includes the docket sheet of the underlying state court action and each document filed in the state court action. A copy of the Counsel of Record is attached as Exhibit B.

# I.
# NATURE OF THE CASE AND BASIS FOR REMOVAL

Plaintiff originally filed this lawsuit on July 20, 2021, in Nueces County Court against Defendants Milwaukee, Amazon.com, Inc. ("Amazon"), Amazon.com Services, LLC ("Amazon Fulfillment"), Home Depot U.S.A., Inc. ("Home Depot"), improperly named as "The Home Depot, Inc.," Northern Tool and Equipment Company, Inc., ("Northern Tool"), and REMN-Trading, an alleged Texas entity.[3] Plaintiff alleges that on April 12, 2020, Plaintiff sustained injuries to his person and property when his garage caught fire.[4] Plaintiff alleges that power tools with lithium-ion battery packs that Plaintiff stored in his garage at the time of the incident caused the fire and his damages.[5] Plaintiff purchased a Milwaukee M18 Fuel ½ High Torque Impact Wrench and associated lithium-ion battery pack *from either* Home Depot's store in Victoria, Texas, *or from and through* the Amazon Defendants and Defendant REMN-Trading, at some point prior to April 12, 2020.[6] Plaintiff also alleges he purchased other Milwaukee cordless tools from Northern Tool.[7]

Plaintiff brings claims against Defendants sounding in strict products liability, breach of warranty, and negligence for personal injury caused by a defective product.[8] Plaintiff seeks actual and exemplary damages.[9] Plaintiff requests monetary relief of "over $1,000,000.00."[10]

---

[3] Ex. A-2 at 5, ¶ 18.
[4] *Id*. at 6-7.
[5] *Id*. at 6-8.
[6] *Id*. at 6, ¶ 1 (emphasis added).
[7] I*d*. at 6, ¶ 1.
[8] *Id*. at 8-16.
[9] *Id*. at 16, ¶ 3-4.
[10] *Id*. at 17, ¶ 5.

Plaintiff served Milwaukee, Home Depot, and Northern Tool on July 30, 2021.[11] Plaintiff served both Amazon Defendants on August 2, 2021.[12]

The basis for removal is diversity jurisdiction. Plaintiff's only ground for defeating diversity jurisdiction is his addition of Texas Defendant REMN-Trading. As shown below, Plaintiff improperly joined this defendant, and there is complete diversity between Plaintiff and the remaining Defendants, Milwaukee, Amazon, Amazon Fulfillment, and Home Depot.

Milwaukee and Home Depot timely remove this case within 30 days of their being served.

Pursuant to 28 U.S.C. § 1441, Milwaukee and Home Depot remove this action to the district court of the United States for the district and division embracing the county where this state court action is pending.

Milwaukee and Home Depot will serve written notice of the removal on Plaintiff and a copy will be filed with the Nueces County District Clerk promptly after this Joint Notice of Removal is filed.

This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Milwaukee and Home Depot satisfied the procedural requirements for removal and as demonstrated below, this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the only properly joined parties are citizens of different states.

---

[11] Ex. A-7.
[12] Ex. A-7.

## II.
## DIVERSITY JURISDICTION

Removal is appropriate, because the diversity requirements are met, this removal is filed within thirty (30) days of receiving service of suit, and it has been less than one year since this action was originally commenced. *See* 28 U.S.C. § 1446(b)-(c).

A. **The amount in controversy exceeds $75,000.**

In their petition, Plaintiff states he seeks "monetary relief within the jurisdictional limits of this Court and over $1,000,000.00."[13] Accordingly, the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. 28 U.S.C § 1332(a).

B. **Disregarding improperly joined REMN-Trading, there is complete diversity of citizenship.**

Plaintiff alleges in his petition that he is a resident of Texas.[14]

Plaintiff alleges that Defendant Milwaukee is a company organized under the laws of the State of Delaware, with its principal place of business in Brookfield, Wisconsin.[15]

Plaintiff alleges that Defendants Amazon and Amazon Fulfillment are both companies organized under the laws of the State of Washington, both with principal places of business in Seattle, Washington.[16]

Plaintiff alleges that Defendant Home Depot is a company organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.[17]

---

[13] Ex. A-2 at 17, ¶ 5.
[14] *Id.* at 1, ¶. 2.
[15] *Id.* at 2, ¶ 3.
[16] *Id.*, at 2 ¶¶ 5, 7.
[17] *Id.* at 3, ¶ 10.

Plaintiff alleges that Defendant Northern Tool is a company organized under the laws of the State of Minnesota, with its principal place of business in Burnsville, Minnesota.[18]

Plaintiff's only basis for defeating diversity jurisdiction is his addition of Defendant REMN-Trading. Plaintiff alleges REMN-Trading is a resident and citizen of Texas.[19] Plaintiff alleges REMN-Trading is a Texas entity, with its principal place of business located at 506 Poenisch Drive, Corpus Christi, Texas, 78412-3173.[20] REMN-Trading is improperly joined, because there is no reasonable basis for Plaintiff to recover against it. Therefore, this Joint Notice of Removal should be granted, and Plaintiff's claims against REMN-Trading should be dismissed.

It is unclear whether Plaintiff alleges REMN-Trading sold him anything at all. Plaintiff does not plead specific facts to support that REMN-Trading is a "seller" under Texas law. Plaintiff also does not plead a specific exception to the general rule governing products liability for non-manufacturing sellers, even if REMN-Trading is found to be a seller.[21] Thus, because there is no reasonable basis for Plaintiff to recover against REMN-Trading, it is improperly joined, and Plaintiff's claims against REMN-Trading should be dismissed.

## III.
## THE STANDARD FOR IMPROPER JOINDER

The Fifth Circuit describes two ways to establish improper joinder.

> "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Only the second way is

---

[18] *Id*. at 3, ¶ 12.
[19] *Id*. at 2, ¶ 9.
[20] *Id*. at 2, ¶ 9, 5, ¶ 18.
[21] Under Chapter 82 of the Texas Civil Practice and Remedies Code, "the general rule is the opposite: a non-manufacturing seller 'is not liable for harm caused ... by [a] product unless the claimant proves' that one of the enumerated exceptions applies." *Amazon.com, Inc. v. McMillan*, 625 S.W. 3d 101, 106 (2021) (citing TEX. CIV. PRAC. & REM. CODE § 82.003).

5

> before us today, and we explained in *Travis v. Irby* that the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not."

*Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) *(en banc)* (emphasis added); *see Probasco v. Wal-Mart Stores Texas, L.L.C.,* 766 Fed. Appx. 34, 36 (5th Cir. 2019); *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003).

Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. "We clarified in *Travis* that the defendant must demonstrate only that there is no *reasonable* basis for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400, 405 (5th Cir. 2004) (citing *Travis*, 326 F.3d at 646-47) (emphasis in original). A "*mere theoretical possibility* of recovery under local law" will not preclude a finding of improper joinder. *Badon v. RJR Nabisco Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir. 2003) (citing *Badon*); *Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross*).

In considering whether a plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the complaint on file at the time of the removal. *Rubin v. Daimlerchrysler Corp.,* Civ. Action No. H-04-4021, 2005 WL 1214605, at *2 (S.D. Tex.

May 20, 2005). [22]

To determine whether there is a reasonable basis to recover under state law, under the second prong, the *Smallwood* court outlined two separate methods.

> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. . . . That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood,* 385 F.3d at 573 (emphasis added).

### Improper Joinder based on a Rule 12(b)(6) Analysis

The Fifth Circuit further detailed the proper standard for evaluating Rule 12(b)(6) motions in *Rios v. City of Del Rio,* 444 F.3d 417, 420-21 (5th Cir. 2006). In *Rios*, the court stated that the pleadings must contain either direct allegations on every material point necessary to sustain a recovery, or alternatively, contain allegations from which an inference may be fairly drawn that sufficient evidence will be introduced at trial. *Id.* In contrast, conclusory allegations masquerading as factual conclusions will not suffice. *Id.* at 421 (citing *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)). The court is not required to conjure up "'unpled allegations or contrive elaborately arcane

---

[22] "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999); *see Alonso ex rel. Estate of Cagle v. Maytag Corp.,* 356 F.Supp.2d 757, 761 (S.D. Tex. 2005) (noting that although court may consider post-removal evidence, it may not consider new theories or causes of action).

scripts to' save a complaint." *Id.* (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)). Thus, the Fifth Circuit has consistently held that conclusory allegations and unwarranted deductions of fact are not admitted as true for purposes of ruling on a 12(b)(6) motion. *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 379 (5th Cir. 2003); *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.")

As a products liability action, this lawsuit is governed by Chapter 82 of the Texas Civil Practice and Remedies Code. Chapter 82 defines a "products liability action" as:

> . . . any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. § 82.001(2).

Under the chapter, a "seller" is any "person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." *Id.* at § 82.001(3). Indeed, under chapter 82 of the Texas Civil Practice and Remedies Code, "the general rule is the opposite: a non-manufacturing seller 'is not liable for harm caused ... by [a] product unless the claimant proves' that one of the enumerated exceptions applies." *Amazon.com, Inc. v. McMillan,* 625 S.W. 3d 101, 106 (2021) (holding Amazon.com as not a

"seller") (citing TEX. CIV. PRAC. & REM. CODE § 82.003). Under § 82.003(a), those statutory exceptions are:

(1) The seller participated in the design of the product;

(2) The seller altered the product in such a way as to cause the damages;

(3) The seller installed or assembled the product incorrectly causing the damage;

(4) The seller controlled the content of deficient warnings and the harm resulted from the deficient warnings;

(5) The seller made false factual representations or warranties about the product and the injury would not have occurred had the representation been true;

(6) The seller "actually" knew the product was defective; or,

(7) The manufacturer is either insolvent or not subject to the court's jurisdiction.

TEX. CIV. PRAC. & REM. § 82.003.

Under Texas law, products liability claims against non-manufacturing sellers are governed by Chapter 82, whether sounding in strict liability, strict products liability, negligence, or breach of warranty. *Garcia v. Nissan Motor Co., Ltd.,* No. CIV. A. M-05-59, 2006 WL 869944, at *6 (S.D. Tex. Mar. 30, 2006) ("any theories of recovery plead against a non-manufacturing seller must fall within one of the seven exceptions to § 82.003, regardless of whether such allegations otherwise state a claim under Texas Law."); *Alonso ex rel. Estate of Cagle v. Maytag Corp.*, 356 F.Supp.2d 757, 761 (S.D. Tex. 2005)(explaining that Chapter 82 governs products liability actions, whether the causes of action are negligence or strict products liability); *see also Benavides v. Chrysler Group LLC,* No. 7:14-CV-518, 2014 WL 5507716, at *7 (rejecting arguments that § 82.003 is ambiguous).

In a recent decision from the Southern District of Texas, the court considered a similar basis for removal based on improper joinder in a strict products liability case. *Frederick v. Mercedes-Benz USA, LLC*, CV No. H-20-745, 2020 WL 3100203 (S.D. Tex. June 11, 2020) (Rosenthal, C.J.). In *Frederick*, plaintiffs brought products liability claims arising from an automobile crash against diverse defendants. Plaintiffs also asserted strict products liability claims against a non-diverse defendant, Group 1, whom plaintiffs alleged sold or serviced the subject vehicle. *Id*. at *1, *5. Mercedes removed the case asserting Group 1 was improperly joined. Chief Judge Rosenthal analyzed whether Group 1 was improperly joined. *Id*. at *5-6. Under the 12(b)(6) analysis, the court agreed that plaintiffs failed to plead an exception to the rule governing products-liability claims against sellers under TEX. CIV. PRAC. & REM. § 82.001(2), relying merely on "boilerplate language" in their pleading instead. *Id*. at *5. Further, the court noted that while plaintiffs claimed the pleading alleged Group 1 knew of the alleged defect, the complaint did not identify the defect Group 1 purportedly knew about. *Id.* at *5.

The *Evans* case is also informative, where the court considered a similar basis for removal based on improper joinder for strict products liability based on negligence claims. *Evans v. Kawaski Motors Corp., USA*, CV No. H-15-659, 2015 WL 4434073 (S.D. Tex. July 17, 2015) (Rosenthal, C.J.). In that case, plaintiff brought products liability claims against Kawasaki arising from an automobile crash. *Id*. at *3. Plaintiff also asserted products liability claims against a non-diverse defendant, Bayou City Motorsports, Inc. ("Bayou City"). *Id*. at *4. Chief Judge Rosenthal analyzed whether Bayou City was improperly joined. *Id*. at *4-7. The court found that the petition did not allege that Bayou City knew the product was defective, but merely alleged that Bayou City "sold the vehicle" and was "grossly negligent" in doing so. *Id*. at *7. Thus, because the court found that Bayou City failed to plead that Bayou City had

10

actual knowledge of a defect, Chief Judge Rosenthal ruled Bayou City was improperly joined and dismissed the claims against it. *Id.* at *8.

As in *Evans* and *Frederick*, upon determination that a defendant has been improperly joined, this Court should dismiss the claims against it. *Id.* at *8; *Frederick*, 2020 WL 3100203, *6; *see also Garcia*, 2006 WL 869944, at *6 (dismissing improperly joined defendant – product seller – *sua sponte* ); *Benavides v. Chrysler Group LLC,* No. 7:14-CV-518, 2014 WL 5507716, at *8 (S.D. Tex. Oct. 9, 2014) (denying motion to remand and dismissing non-diverse defendants found to be improperly joined); *Escalante v. Deere & Co.* 3 F.Supp.3d 587, 589 (S.D. Tex. 2014) (same when petition failed to raise allegations under exceptions, or "even a formulaic recital of all the elements of any sub-part of § 82.003(a)") (citing FED. R. CIV. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

In the instant case, a Rule l2(b)(6) analysis demonstrates there is no reasonable basis for recovery against REMN-Trading.[23] Plaintiff pleads no exception to the rule of non-liability for a non-manufacturing seller as to REMN-Trading, nor the specific facts to support any exception. Second, Plaintiff does not allege specifically that REMN-Trading sold them any of the subject tools, let alone any facts to support the allegation that the tools were defective.

It is far from clear that REMN-Trading is actually a "seller" of the Milwaukee tool. More importantly, Plaintiff does not plead any of the statutory exceptions against REMN-Trading necessary to state a claim against a nonmanufacturing seller; Plaintiff merely alleges that he purchased one of the tools from "Home Depot's store located in Victoria [sic] Texas or from and through the Amazon Defendants and Defendant REMN-Trading,"[24] and that

---

[23] Ex. A-2 at 2, ¶ 9, 5, ¶ 18.
[24] Ex. A-2 at 6, ¶ 1(emphasis added).

"Defendants knew, or in the exercise of due care should have known [that the subject tools] were unreasonably dangerous,"[25] "knew or should have reasonably foreseen the risk of harm" from the subject tools,[26] made express warranties about their safety,[27] and warranted Plaintiff the subject tools were "good and fit for the ordinary purpose for which [they] are used."[28] None of these conclusory allegations provide sufficient factual pleadings to pass 12(b)(6) muster.

As required by Chapter 82, Plaintiff does not allege facts that REMN-Trading: participated in the design of a product; altered the product; assembled the product; controlled the content of product warnings; made any false factual representation about the product; actually knew that the product was defective; or that Milwaukee is insolvent (which it is not). In short, the petition does not assert a products liability claims against REMN-Trading under Texas law.

## IV.
## THIS REMOVAL HAS UNANIMOUS CONSENT

All properly joined and served diverse defendants consent to this Joint Notice of Removal. The consent of properly joined and served defendants is generally needed to remove a case. *See* 28 U.S.C. § 1446(b)(2)(A) (stating "all defendants who have been properly joined and served must join in or consent to the removal of the action"). These defendants: Amazon, Amazon Fulfillment, and Northern Tool, have timely and properly consented to in entering Milwaukee and Home Depot's Joint Notice of Removal.[29]

---

[25] Ex. A-2 at 8, ¶ 3.
[26] Ex. A-2 at 13, ¶ 3.
[27] Ex. A-2 at 14, ¶ 2.
[28] Ex. A-2 at 15, ¶ 3.
[29] *See* Ex. A-8, 9.

## V.
## __THE CONSENT OF IMPROPERLY JOINED DEFENDANT IS NOT REQUIRED__

While all properly served co-defendants must consent to the removal of a case, when improper joinder has been alleged, "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Thus, the consent of REMN-Trading is unnecessary because it is improperly joined.

## VI.
## __CONCLUSION__

All conditions and procedures for removal have been satisfied. Milwaukee and Home Depot attach copies of the processes, pleadings and orders from the Nueces County Court's file with its Index of Matters Being Filed (Exhibit A) and will promptly give written notice of the filing of this Joint Notice to Plaintiff, as well as promptly file a notice of removal in state court.

WHEREFORE, PREMISES CONSIDERED, Milwaukee and Home Depot respectfully request that this action now pending against it be removed from the County Court at Law Number 4, Nueces County, Texas, to this Honorable Court for trial and determination of all issues.

Respectfully submitted,

**DOYLE RESTREPO HARVIN & ROBBINS, L.L.P.**

By: */s/ Michael D. Robbins*
Michael D. Robbins

13

State Bar No. 16984700
mrobbins@drhrlaw.com
Tillman Grogan IV
State Bar No. 24116462
tgrogan@drhrlaw.com
440 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

**ATTORNEYS FOR DEFENDANT MILWAUKEE ELECTRIC TOOL CORPORATION AND HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following by electronic service and/or facsimile on August 20, 2021 on:

John W. Griffin, Jr.
MAREK, GRIFFIN & KNAUPP
The McFaddin Building
203 N. Liberty Street
Victoria, Texas 77901
Facsimile: (361) 573-5040
Email: jwg@lawmgk.com

*Attorneys for Plaintiff*

Laurel L. Simes
*To Be Admitted Pro Hac Vice*
Rachel B. Abrams
*To Be Admitted Pro Hac Vice*
Angela J. Nehmens
*To Be Admitted Pro Hac Vice*
LEVIN SIMES ABRAMS LLP
1700 Montgomery Street
Suite 250
San Francisco, CA 94111
Facsimile: (415) 426-3001
Email: llsimes@levinsimes.com
Email: rabrams@levinsimes.com
Email: anehmens@levinsimes.com

*Attorneys for Plaintiff*

Clifford L. Harrison
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002
Email: charrison@munsch.com

*Attorney for Defendant Amazon.com, Inc. and Amazon.com Services, LLC*

David T. Burkett
THE BURKETT LAW FIRM
538 S. Tancahua
Corpus Christi, Texas 78401
Facsimile: (361) 883-0733

*Attorneys for Defendant REMN-Trading*

Mike Prather
Michael Fredeboelling
DONATO BROWN POOL & MOEHLMANN, PLLC
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Facsimile: (713) 877-1138
Email: mprather@donatobrown.com
Email: mfredeboelling@donatobrown.com

*Attorneys for Defendant Northern Tool & Equipment Company, Inc.*

 

/s/ Michael D. Robbins
Michael D. Robbins