Case 2:21-cv-00181   Document 1-2   Filed on 08/20/21 in TXSD   Page 1 of 18

Filed
7/20/2021 3:59 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2021CCV-60826-4

| | | |
|---|---|---|
| **KURT DECKER,** § | | **IN THE COUNTY COURT** |
| *Plaintiff*, § | | |
| V. § | | **AT LAW NUMBER** _____ |
| **MILWAUKEE ELECTRIC TOOL CORPORATION; AMAZON.COM, INC.; AMAZON.COM SERVICES, LLC; REMN-TRADING; THE HOME DEPOT INC.; and NORTHERN TOOL AND EQUIPMENT COMPANY, INC.** § | | |
| *Defendants*. § | | **NUECES COUNTY, TEXAS** |

**Plaintiff's Original Petition**

COMES NOW, Kurt Decker (hereinafter "Plaintiff") who files this, his Original Petition, complaining of Defendants Milwaukee Electric Tool Corporation (hereinafter "Milwaukee"), a Delaware Corporation based in Wisconsin; Amazon.com ("Amazon"), a Washington Corporation; Amazon Services, LLC ("Amazon Fulfillment"), a Washington limited liability company; REMN-Trading, a Texas entity; The Home Depot Inc. (hereinafter "Home Depot"), a Delaware corporation based in Georgia, and Northern Tool and Equipment Company, Inc. ("Northern Tool"), a Minnesota corporation headquartered in Minnesota. In support of his petition, Plaintiff respectfully shows this Court the following:

1.**I. Discovery Control Plan**

1. Plaintiff intends to conduct discovery under Discovery Control Plan Level 3.

**II. Parties**

2. At all times relevant, Plaintiff is and was a resident of Victoria County, Texas and is domiciled in the State of Texas.

EXHIBIT A-2

3. At all times relevant, Defendant Milwaukee was a Delaware corporation with its principal place of business located at 13135 West Lisbon Road, Brookfield Wisconsin 53005. Defendant Milwaukee's registered agent for service is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware.

4. Upon information and belief, Defendant Milwaukee manufactures and sells heavy-duty and portable cordless tools, lighting, accessories, storage products and hand tools, including the defective product(s) that harmed Plaintiff.

5. At all times material hereto, Defendant Amazon was and is a Washington Corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington. Its registered agent for service is Corporation Service Company located at 300 Deschutes Way Southwest Suite 304 Tumwater, Washington 98501.

6. Upon information and belief, Defendant Amazon was and is involved in electronic commerce and derives a large portion of its sales from third party vendors

7. At all times material hereto, Defendant Amazon Fulfillment was and is a Washington Corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington. Its registered agent for service is Corporation Service Company located at 300 Deschutes Way Southwest Suite 304 Tumwater, Washington 98501.

8. Defendant Amazon and Defendant Amazon Fulfillment will collectively be referred to as "Amazon Defendants."

9. At all times material hereto, Defendant REMN-Trading is and was a Texas entity with its principal place of business located at 506 Poenisch Drive, Corpus Christi, Texas, 78412-3173. REMN-Trading is a third-party seller who advertises, markets, and sells Milwaukee and other power tool products on Amazon's platform, Amazon.com. Upon information and belief,

Rodolfo Castro is REMN-Trading's executive. REMN-Trading can be served at 506 Poenisch Drive, Corpus Christi, Texas, 78412-3173.

10. At all times material hereto, Defendant Home Depot is and was a Delaware corporation with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Defendant Home Depot's registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

11. Upon information and belief, Defendant Home Depot is a retailer in the business of selling battery powered and electronically powered tools, appliances, and other products and other including the defective product(s) that harmed Plaintiff.

12. At all times material hereto, Defendant Northern Tool and Equipment Company Inc. is and was a Minnesota corporation with its principal place of business located at 2800 Southcross Drive West, Burnsville, Minnesota 55306. Defendant Northern Tool and Equipment Company does not have a registered agent for service; however service can be effectuated on its Chief Executive Officer, Suresh Krishna at the aforementioned address, and/or via an agent of Defendant Northern Tool at its principal place of business.

13. Upon information and belief, Defendant Northern Tool is a retailer in the business of selling battery powered and electronically powered tools, appliances, and other products and other including the defective product(s) that harmed Plaintiff. Upon information and belief, Defendant Northern Tool sold Plaintiff the following products: a Milwaukee M18 FUEL Compact Cordless Impact Wrench Kit with Friction Ring 3/8-inch Drive, 210 Ft.-Lbs Torque, Model Number 2754-22; a Milwaukee M18 Fuel ½ inch High Torque Impact Wrench with Friction Ring and two M18 RedLithium XC 5.0 Batteries, Model Number 2763-22; a Milwaukee M12 cordless electric 3/8 inch ratchet kit with 1 battery, 12 volt, Model Number 2457-21; and a

Milwaukee M18 FUEL Cordless Impact Driver – ¼ inch Hex, 150 Ft.-Lbs of Torque, Tool Only, Model Number 2753-20.

### III. Jurisdiction

14. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

15. The Court has jurisdiction over Defendant Home Depot because it was doing business in the State of Texas and sold a defective Milwaukee M18 Fuel ½ High Torque Impact Wrench with associated lithium-ion battery pack from which this suit arises while doing business in the State of Texas. The retail store is located at 6708 NE, Zac Lentz Parkway, Victoria Texas, 77904.

16. Defendant Amazon at all material times, either directly or through entities within its control promoted, distributed, sold, or otherwise placed into the stream of commerce the defective product that is the subject of this lawsuit. The defective Milwaukee M18 Fuel ½ High Torque Impact Wrench and associated lithium-ion battery back was sold for use in Texas, and as a result of the sale, promotion, distribution, placement into the stream of commerce, and/or marketing of such battery, a tort was committed in Texas.

17. Defendant Amazon Fulfillment at all material times, worked in concert with Defendant Amazon to promote, distribute, sell, deliver, or otherwise place the defective Milwaukee M18 Fuel ½ High Torque Impact Wrench and associated lithium-ion battery pack that is the subject of this lawsuit into the stream of commerce. The defective Milwaukee M18 Fuel ½ High Torque Impact Wrench and associated lithium-ion battery pack was sold for use in Texas, and as a result of the sale, promotion, distribution, placement into the stream of commerce, and/or marketing of such battery, a tort was committed in Texas.

18. Defendant REMN-Trading at all material times, either directly or through entities within its control promoted, distributed, sold, or otherwise placed into the stream of commerce the defective product that is the subject of this lawsuit. The defective Milwaukee M18 Fuel ½ High Torque Impact Wrench and associated lithium-ion battery back was sold for use in Texas by RMN-Trading, a Texas entity, and as a result of the sale, promotion, distribution, placement into the stream of commerce, and/or marketing of such battery, a tort was committed in Texas.

19. The Court has jurisdiction over Defendant Milwaukee because said Defendant was conducting business in the State of Texas in a continuous and systematic manner by designing, manufacturing, distributing, assembling, advertising, marketing and/or selling its products in the State of Texas, including the Milwaukee M18 Fuel ½ High Torque Impact Wrench that harmed Plaintiff, through dealers and/or distributors in the State of Texas.

20. Defendant Northern Tool, at all material times, either directly or through entities within its control promoted, distributed, sold, or otherwise placed into the stream of commerce the defective products that are the subject of this lawsuit, namely a Milwaukee M18 FUEL Compact Cordless Impact Wrench Kit with Friction Ring 3/8-inch Drive, 210 Ft.-Lbs Torque, Model Number 2754-22; a Milwaukee M18 Fuel ½ inch High Torque Impact Wrench with Friction Ring and two M18 RedLithium XC 5.0 Batteries, Model Number 2763-22; a Milwaukee M12 cordless electric 3/8 inch ratchet kit with 1 battery, 12 volt, Model Number 2457-21; and a Milwaukee M18 FUEL Cordless Impact Driver – ¼ inch Hex, 150 Ft.-Lbs of Torque, Tool Only, Model Number 2753-20. These products were sold for use in Texas, and as a result of the sale, promotion, distribution, placement into the stream of commerce, and/or marketing of such battery, a tort was committed in Texas.

### IV. Venue

21.     Venue is proper in Nueces County under Texas Civil Practice and Remedies Code section 15.002(3), because one of the Defendant's, REMN-Trading, principal place of business is located in Nueces County.

22.     Because Plaintiff's claims against all Defendants arise from the same occurrence or series of occurrences, venue is proper as to all Defendants under Texas Civil Practice and Remedies Code section 15.005.

### 73. V. Facts

1.      Plaintiff purchased a Milwaukee M18 Fuel ½ High Torque Impact Wrench and associated lithium-ion battery pack from Home Depot's store located in Victoria Texas or from and through the Amazon Defendants and Defendant REMN-Trading.  Plaintiff purchased the following products from Defendant Northern Tool: a Milwaukee M18 FUEL Compact Cordless Impact Wrench Kit with Friction Ring 3/8-inch Drive, 210 Ft.-Lbs Torque, Model Number 2754-22; a Milwaukee M18 Fuel ½ inch High Torque Impact Wrench with Friction Ring and two M18 RedLithium XC 5.0 Batteries, Model Number 2763-22; a Milwaukee M12 cordless electric 3/8 inch ratchet kit with 1 battery, 12 volt, Model Number 2457-21; and a Milwaukee M18 FUEL Cordless Impact Driver – ¼ inch Hex, 150 Ft.-Lbs of Torque, Tool Only, Model Number 2753-20.

2.      As a hobby, Plaintiff built, modified and tuned cars owned by him, friends and acquaintances.  Plaintiff's friends' vehicles were regularly stored in Plaintiff's garage workshop.

3.      On Sunday, April 12, 2020, Plaintiff was at home talking to a friend on the phone when he heard loud sounds in his garage/workshop where his Milwaukee M18 Fuel ½ High Torque Impact Wrench and lithium-ion battery pack; Milwaukee m18 Fuel Compact Cordless

Impact Wrench Kit with Friction Ring with battery pack; Milwaukee m18 Fuel ½ inch High Torque Impact Wrench with Friction Ring with battery pack; Milwaukee cordless electric 3/8 inch ratchet kit with battery back; and Milwaukee m18 Fuel Cordless Impact Driver were stored.

4. Plaintiff quickly hung up with his friend and went to the garage/workshop to identify the source of the sounds. It is believed that upon opening the door into the garage/workshop the Plaintiff was hit with a backdraft because of the unknown fire burning in his garage/workshop and this backdraft pushed the Plaintiff off his feet and into the shop, causing burning material to fall on top of Plaintiff. These events resulted in Plaintiff losing his cell phone in the burning building and unable to call 911. Plaintiff attempted to put the fire out with an extinguisher but was unable to do so. Plaintiff narrowly escaped and ran to his neighbor's house.

5. Plaintiff's neighbors examined his skin with a flashlight and observed Plaintiff's skin was coming off of his torso, stomach, upper arms, and face. Plaintiff's neighbors observed he had black soot all over him.

6. Plaintiff was transported via ambulance to the emergency room where he was sedated, intubated, and mechanically ventilated due to smoke inhalation. Plaintiff was then care flighted to the USAISR Burn Center at Brooke Army Medical Center in San Antonio, Texas where he was treated for burns and other severe injuries caused by the fire: Plaintiff had third degree burn inhalation injury, Plaintiff had second and third degree burns over twenty (20) precent of his body, including his torso, back, both arms, head and face; Plaintiff suffered a pulmonary embolism and cardiac arrest, which resulted in Plaintiff being put on ECMO life

7

support and renal dialysis; Plaintiff was unconscious for two weeks, and has a brain injury and neurological damage.

7. A month after the fire, the Plaintiff left the burn center to a series of in-patient rehabilitation facilities and hospitals and required surgery to clear a MRSA infection in his abdomen. Five months after the fire, he was tranferred to his parents' home due to the Covid-19 pandemic, where Plaintiff received rehabilitation treatment for 20-30 hours a week. Plaintiff is still undergoing rehabilitation on a routine basis in the hopes of regaining full communication abilities, memory, and motor function.

8. As a result of the fire, Plaintiff suffered severe permanent injuries from which he may never fully recover.

9. As a result of the fire the Plaintiff's home, garage/workshop, cars, and other possessions were a total loss.

### VI. Causes of Action

**B. Negligence As to All Defendants**

1. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

2. At all relevant times, Defendants designed, manufactured, tested, inspected, distributed, assembled, marketed, sold, and/or shipped the tools and associated lithium-ion battery packs identified herein that injured Plaintiff.

3. Defendants knew, or in the exercise of due care should have known, that the tools and associated lithium-ion battery packs identified herein were unreasonably dangerous, and their use would create a foreseeable and unreasonable risk of harm to users, including Plaintiff.

4. Defendants were under a duty to properly and adequately design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for, package, distribute, ship, market and/or sell the tools and associated lithium-ion battery packs identified herein in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with the product, including Plaintiff.

5. Defendants breached their duty of reasonable care owed to Plaintiff in one or more of the following ways:

   a. Failing to design, manufacture, distribute, market, package, sell, and/or ship the tools and associated lithium-ion battery packs identified herein in such a manner that it would not spontaneously heat up and catch fire;

   b. Failing to design, manufacture, distribute, market, package, sell, and/or ship the tools and associated lithium-ion battery packs identified herein in a condition that would allow it to operate as safely as a reasonable consumer would expect;

   c. Failing to provide reasonable and adequate warnings to suppliers, purchasers, users, and consumers of the tools and associated lithium-ion battery packs identified herein to alert users of the dangerous conditions described herein;

   d. Failing to properly test the tools and associated lithium-ion battery packs identified herein;

   e. Failing to adopt and/or implement proper quality control procedures with respect to the tools and associated lithium-ion battery packs identified herein;

    f. Failing to hire employees capable of proper manufacture, assembly, inspection, testing, and/or quality control procedures with respect to the tools and associated lithium-ion battery packs identified herein;

    g. Failing to train employees capable of proper manufacture, assembly, inspection, testing, and/or quality control procedures with respect to the tools and associated lithium-ion battery packs identified herein;

    h. Failing to monitor employees in the proper manufacture, assembly, inspection, testing, and/or quality control procedures with respect to the tools and associated lithium-ion battery packs identified herein;

    i. Selling the tools and associated lithium-ion battery packs identified herein that were defective, unreasonably dangerous, and unfit for consumer use; and otherwise failing to exercise ordinary care in discharging their duties as manufacturers and/or sellers of consumer products to the general public.

6. Upon information and belief, and at all times herein mentioned, Defendants and each of them, negligently, recklessly, and carelessly manufactured, fabricated, designed, assembled, distributed, sold, inspected, warranted, labeled, marketed, shipped, and/or advertised the tools and associated lithium-ion battery packs identified herein such that they were dangerous and unsafe for their intended and/or reasonably foreseeable use.

7. At the time of the incident, the tools and associated lithium-ion battery packs identified herein were in substantially the same condition as when introduced into the stream of commerce by Defendants and were being used by Plaintiff in a reasonably foreseeable manner.

8. For the reasons set forth above, to the tools and associated lithium-ion battery packs identified herein were unreasonably dangerous to foreseeable users, including Plaintiff.

9. An ordinary consumer, such as Plaintiff, would not have recognized the potential risks and dangers inherent in the tools and associated lithium-ion battery packs identified herein.

10. The risk of danger in the design of the to the tools and associated lithium-ion battery packs identified herein outweighed any benefits of the design, and safer alternative designs were available at the time of manufacturer and supply. Therefore, the Milwaukee Wrench and associated battery pack presented a substantial and unreasonable risk of serious injuries to users of said products, such as Plaintiff.

11. As a direct and legal result of the foregoing actions or inactions of Defendants, and as a result of the defective condition of to the tools and associated lithium-ion battery packs identified herein, Defendants were a substantial factor in causing Plaintiff to sustain serious and permanent bodily injuries including second and third degree burns, scarring, physical pain and suffering, permanent impairment and loss of function, disability, disfigurement, inconvenience, loss of enjoyment of life and emotional distress consistent with and not over and above that usually associated with the physical injuries he sustained.

12. As a direct and legal result of the conduct of Defendants and each of them, and as a direct and legal result of the defective condition of to the tools and associated lithium-ion battery packs identified herein, Plaintiff incurred significant damages, including but not limited to property damage, the expense of hospitalization, expense of medical care and treatment in the past and in the future, lost earnings, lost earning capacity, loss of ability to earn wages in the future; and has been otherwise harmed, injured and damaged.

13. As a direct and proximate result of the aforementioned negligent conduct by Defendants, and each of them, Plaintiff suffered injuries as alleged. The negligence of

Defendants, and each of them, was a substantial factor in causing serious injuries to Plaintiff as previously alleged.

14. Upon information and belief, the aforementioned conduct of Defendants, and each of them, was motivated by the financial interests of Defendants in the continuing, uninterrupted manufacture, distribution, supply, and sale of said products. In pursuance of said financial motivation, Defendants, and each of them, consciously disregarded the safety of users and consumers of said products.

15. WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as herein set forth.

## C. Strict Liability for Manufacturing Defect As to Defendant Milwaukee

1. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

2. At all relevant times, Defendants were engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling, shipping and/or otherwise intentionally placing to the tools and associated lithium-ion battery packs identified herein into the stream of commerce and directing such products to Texas, including the Milwaukee Wrench that injured Plaintiff.

3. The tools and associated lithium-ion battery packs identified herein were defectively manufactured. Specifically, to the tools and associated lithium-ion battery packs identified herein deviated from its specifications in a manner that rendered the product unreasonably dangerous.

4. The tools and associated lithium-ion battery packs identified herein were in the same condition at the time Plaintiff was injured as it was when it was originally placed into the

stream of commerce, at the time it was ultimately sold to Plaintiff by Defendant(s), and/or repaired by Defendant(s).

5. The defective manufacture of the tools and associated lithium-ion battery packs identified herein were a direct and producing cause of substantial injuries and damages to Plaintiff.

**D. Strict Liability for Marketing Defect as to Defendants Milwaukee, REMN-Trading, Home Depot, and Northern Tool**

1. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

2. At all relevant times, Defendants were engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling, shipping, and/or otherwise intentionally placing the tools and associated lithium-ion battery packs identified herein into the stream of commerce and directing such products to Texas, including the tools and associated lithium-ion battery packs identified herein that injured Plaintiff.

3. At the time the tools and associated lithium-ion battery packs identified herein were manufactured, marketed, distributed, shipped, and/or sold by Defendants, the defective products contained an inherent risk of harm that could arise from intended or reasonably anticipated use and/or handling. Defendants knew or should have reasonably foreseen the risk of harm at the time the tools and associated lithium-ion battery packs identified herein were manufactured, designed, marketed, shipped, sold.  The absence of proper warnings and/or instructions rendered the tools and associated lithium-ion battery packs identified herein defective and unreasonably dangerous.

4. Defendants' failure to warn and/or instruct was the direct and producing cause of substantial injuries and damages to Plaintiff.

**E.     Respondeat Superior as to All Defendants**

1. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

2. At all relevant times, all agents, servants and/or employees of Defendants were acting within the course and scope of employment and/or official duties. Furthermore, at all relevant times, all agents, servants, and/or employees of Defendants were acting in furtherance of the duties of their office and/or employment.

3. Therefore, Defendants are responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees pursuant to the doctrine of Respondeat Superior.

**F.     Breach of Express Warranty As to Defendants REMN-Trading, Home Depot, and Northern Tool**

1. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

2. Defendants, and each of them, expressly warranted that the tools and associated lithium-ion battery packs identified herein were safe and effective for their intended and/or reasonably foreseeable use.

3. The tools and associated lithium-ion battery packs identified herein failed to conform to these express warranties as they caused and continue to cause serious injury to the health and safety of users and bystanders when used as intended and/or in a reasonably foreseeable manner.

4. Plaintiff, as an ordinary consumer, relied on the express warranties by Defendants, and each of them, in using the tools and associated lithium-ion battery packs identified herein.

5. As a direct and proximate result of the breach of express warranties by Defendants, and each of them, Plaintiff suffered injuries as previously alleged. The breach of express warranties by Defendants, and each of them, was a substantial factor in causing the injuries to Plaintiff as previously alleged.

### G. Breach of Implied Warranty as to All Defendants

1. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

2. Defendants are engaged in the business of designing, manufacturing, marketing, distributing, assembling, shipping and/or selling Milwaukee products to the public, including the tools and associated lithium-ion battery packs identified herein which injured Plaintiff.

3. Defendants warranted that the tools and associated lithium-ion battery packs identified herein which injured Plaintiff was good and fit for the ordinary purpose for which such the tools and associated lithium-ion battery packs identified herein are used. Said items were not fit for such purposes. Defendants, therefore, breached the implied warranty of merchantability.

4. In Texas, the implied warranty of merchantability is extended to any person who may be reasonably expected to use, consumer, or be affected by the goods.

5. The unmerchantability of the tools and associated lithium-ion battery packs identified herein directly and proximately caused Plaintiff substantial injuries and damages.

74. **G.    Gross Negligence as to All Defendants**

1. Defendants committed acts of omissions and commission, as listed above, which collectively and severally constituted gross negligence, and that gross negligence proximately caused Plaintiff's injuries and damages for which Plaintiff is entitled to recover punitive damages.

2. When viewed objectively, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others. Defendants knew of this extreme risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

### VII. Damages

3. Defendants' conduct as described herein was the direct and producing cause of serious injuries and damages to Plaintiff. Plaintiff therefore seeks recovery for damages suffered as a result of Defendants' conduct, including all remedies allowed at law, general and special, including but not limited to the following elements of damages:

   a. Medical care expenses in the past and future;

   b. Physical pain in the past and future;

   c. Mental anguish in the past and future;

   d. Physical impairment in the past and future;

   e. Disfigurement in the past and future;

   f. Loss of earning capacity in the past and future; and

   g. Damages to physical property.

4. Plaintiff is also entitled to punitive damages due to the conduct and gross negligence described herein.

5.      The amount of damages that would fairly and reasonably compensate Plaintiff for his injuries is to be properly determined by a jury after consideration of all the evidence presented at trial. However, in satisfaction of the requirements imposed by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states that he seeks monetary relief over $1,000,000.00. Plaintiff specifically reserves the right, provided by the Texas Rules of Civil Procedure, to amend and/or supplement this pleading.

### 75. VIII. Jury Trial Requested

1.      Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff asserts his request for a jury trial. A jury fee has been paid to the Nueces County District Clerk.

### 76. IX. Request for Disclosure

1.      Defendants are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

### X. Conditions Precedent

**2.**      All conditions precedent to Plaintiff's right to recover and to Defendants' liability have been performed or have occurred.

3.      Nothing Plaintiff did caused or contributed to this occurrence.

### XI. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be ordered to pay all of Plaintiff's actual damages, exemplary damages, punitive damages, statutory damages and penalties, attorneys' fees, costs of court, pre- and post-judgment interest at the maximum rate allowed by law, and that Plaintiff be granted such other and further relief to which they may be entitled at law or in equity.

17

Respectfully submitted,

**MAREK, GRIFFIN & KNAUPP**
**LEVIN SIMES ABRAMS, LLP**


By: */s/ John W. Griffin, Jr.*
John W. Griffin, Jr.
Bar No. 08460300
Marek, Griffin & Knaupp
The McFaddin Building
203 N. Liberty Street
Victoria, Texas 77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040
Email: jwg@lawmgk.com


Laurel L. Simes
CA Bar No. 134637
*To Be Admitted Pro Hac Vice*
Rachel B. Abrams
CA Bar No. 209316
*To Be Admitted Pro Hac Vice*
Angela J. Nehmens
CA Bar No. 309433
*To Be Admitted Pro Hac Vice*
Levin Simes Abrams LLP
1700 Montgomery Street
Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: llsimes@levinsimes.com
Email: rabrams@levinsimes.com
Email: anehmens@levinsimes.com

*Attorneys for Plaintiff*