United States Courts Southern District of Texas
FILED
Dec 16, 2021
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **KURT DECKER,** | § | Case No. 2:21-CV-00181 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | **PLAINTIFF KURT** |
| v. | § | **DECKER'S FIRST** |
| | § | **AMENDED COMPLAINT** |
| **MILWAUKEE ELECTRIC TOOL** | § | |
| **CORPORATION** | § | |
| | § | |
| *Defendants*. | § | |

# INTRODUCTION

1. COMES NOW, Kurt Decker (hereinafter "Plaintiff") who files this, his First Amended Complaint, complaining of Defendant Milwaukee Electric Tool Corporation (hereinafter "Milwaukee").[1] Plaintiff respectfully shows this Court the following:

## I.   PARTIES

2. At all times relevant, Plaintiff is and was a resident of Victoria County, Texas and is domiciled in the State of Texas.

---

[1] Plaintiff originally brought suit against previously named Defendants Amazon.com, Inc., Amazon.com Services, LLC., REMN-Trading, The Home Depot, Inc., and Northern Tool and Equipment Company, Inc. Plaintiff met and conferred with counsel for the aforementioned Defendants regarding voluntarily dismissal. Plaintiff will file voluntarily dismissals of all aforementioned entities by way of stipulation.

1

3. At all times relevant, Defendant Milwaukee was a Delaware corporation with its principal place of business located at 13135 West Lisbon Road, Brookfield Wisconsin 53005. Defendant Milwaukee's registered agent for service is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware.

4. Upon information and belief, Defendant Milwaukee manufactures and sells heavy-duty portable cordless and corded tools, lighting, accessories, storage products and hand tools, including the defective product(s) that harmed Plaintiff. Upon information and belief, Defendant Milwaukee also repairs the aforementioned products it manufactures.

## II. JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000 and there is complete diversity among the parties.

6. Venue lies in this district pursuant to 28 U.S.C. section 1391 because Plaintiff is a resident of this judicial district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## III. FACTUAL BACKGROUND

7. On or around September 23, 2017, Plaintiff purchased a Milwaukee M18 Fuel ½ High Torque Impact Wrench with friction wring and two M18

RedLithium XC 5.0 batteries, model No. 2763-11 from a retailer named Northern Tool.

8. On or around March 26, 2020, Plaintiff shipped the aforementioned tool to Milwaukee for repair. The tool was returned to Plaintiff by Milwaukee in early April, prior to the events of April 12, 2020.

9. As a hobby, Plaintiff built, modified, and tuned cars owned by him, friends and acquaintances. Plaintiff's friends' vehicles were regularly stored in Plaintiff's garage workshop.

10. On Sunday, April 12, 2020, Plaintiff was at home talking to a friend on the phone when he heard loud sounds in his garage/workshop where his Milwaukee M18 Fuel ½ High Torque Impact Wrench with friction wring and two M18 RedLithium XC 5.0 batteries was stored.

11. Plaintiff quickly hung up with his friend and went to the garage/workshop to identify the source of the sounds. It is believed that upon opening the door into the garage/workshop the Plaintiff was hit with a backdraft because of the unknown fire burning in his garage/workshop and this backdraft pushed the Plaintiff off his feet and into the shop, causing burning material to fall on top of Plaintiff. These events resulted in Plaintiff losing his cell phone in the burning building rendering him unable to call 911. Plaintiff attempted to put the fire out with

an extinguisher but was unable to do so.  Plaintiff narrowly escaped and ran to his neighbor's house.

12. Plaintiff's neighbors examined his skin with a flashlight and observed Plaintiff's skin was coming off of his torso, stomach, upper arms, and face. Plaintiff's neighbors observed he had black soot all over him.

13. Plaintiff was transported via ambulance to the emergency room where he was sedated, intubated, and mechanically ventilated due to smoke inhalation. Plaintiff was then air flighted to the USAISR Burn Center at Brooke Army Medical Center in San Antonio, Texas where he was treated for burns and other severe injuries caused by the fire: Plaintiff had third degree burn inhalation injury, Plaintiff had second and third degree burns over twenty (20) precent of his body, including his torso, back, both arms, head and face; Plaintiff suffered a pulmonary embolism and cardiac arrest, which resulted in Plaintiff being put on ECMO life support and renal dialysis; Plaintiff was unconscious for two weeks, and has a brain injury and neurological damage.

14. A month after the fire, the Plaintiff left the burn center to a series of in-patient rehabilitation facilities and hospitals and required surgery to clear a MRSA infection in his abdomen.  Five months after the fire, he was transferred to his parents' home due to the Covid-19 pandemic, where Plaintiff received rehabilitation treatment for 20-30 hours a week.  Plaintiff is still undergoing rehabilitation on a

4

routine basis in the hopes of regaining full communication abilities, memory, and motor function.

15. As a result of the fire, Plaintiff suffered severe permanent injuries from which he may never fully recover.

16. As a result of the fire the Plaintiff's home, garage/workshop, cars, and other possessions were a total loss.

### IV.   CLAIMS

#### Count I: Negligence

17. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

18. At all relevant times, Defendant designed, manufactured, tested, inspected, distributed, assembled, marketed, repaired, sold, and/or shipped the tools and associated lithium-ion battery packs identified herein that injured Plaintiff.

19. Defendant knew, or in the exercise of due care should have known, that the tool and associated lithium-ion battery pack identified herein was unreasonably dangerous, and their use would create a foreseeable and unreasonable risk of harm to users, including Plaintiff.

20. Defendant was under a duty to properly and adequately design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for, package, distribute, repair, ship, market and/or sell the tools and associated lithium-

ion battery packs identified herein in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with the product, including Plaintiff.

21. Defendant breached their duty of reasonable care owed to Plaintiff in one or more of the following ways:

22. Failing to design, manufacture, distribute, market, repair, package, sell, and/or ship the tools and associated lithium-ion battery packs identified herein in such a manner that it would not spontaneously heat up and catch fire;

23. Failing to design, manufacture, distribute, market, repair, package, sell, and/or ship the tools and associated lithium-ion battery packs identified herein in a condition that would allow it to operate as safely as a reasonable consumer would expect;

24. Failing to provide reasonable and adequate warnings to suppliers, purchasers, users, and consumers of the tools and associated lithium-ion battery packs identified herein to alert users of the dangerous conditions described herein;

25. Failing to properly test the tools and associated lithium-ion battery packs identified herein both prior to sale and upon repair;

26. Failing to adopt and/or implement proper quality control procedures with respect to the tools and associated lithium-ion battery packs identified herein;

27. Failing to hire employees capable of proper manufacture, assembly, inspection, testing, repairing, and/or carrying out quality control procedures with respect to the tools and associated lithium-ion battery packs identified herein;

28. Failing to train employees capable of proper manufacture, assembly, inspection, repair, testing, and/or implementing quality control procedures with respect to the tools and associated lithium-ion battery packs identified herein;

29. Failing to monitor employees in the proper manufacture, assembly, inspection, testing, repair, and/or implementation of quality control procedures with respect to the tools and associated lithium-ion battery packs identified herein;

30. Selling the tool and associated lithium-ion battery packs identified herein that was defective, unreasonably dangerous, and unfit for consumer use at the time of original sale and/or post repair; and otherwise failing to exercise ordinary care in discharging their duties as manufacturers and/or sellers of consumer products to the general public.

31. Upon information and belief, and at all times herein mentioned, Defendant negligently, recklessly, and carelessly manufactured, fabricated, designed, assembled, distributed, sold, inspected, repaired, warranted, labeled, marketed, shipped, and/or advertised the tools and associated lithium-ion battery packs identified herein such that they were dangerous and unsafe for their intended and/or reasonably foreseeable use.

32. At the time of the incident, the tool and associated lithium-ion battery pack identified herein were in substantially the same condition as when introduced into the stream of commerce by Defendant and were being used by Plaintiff in a reasonably foreseeable manner.

33. At all times relevant herein, the tool and associated lithium-ion battery pack identified herein was repaired by Milwaukee, and post-repair was in substantially the same condition when the tool and battery pack were shipped back to Plaintiff and was used by Plaintiff in a reasonably foreseeable manner.

34. For the reasons set forth above, to the tool and associated lithium-ion battery pack identified herein were unreasonably dangerous to foreseeable users, including Plaintiff.

35. An ordinary consumer, such as Plaintiff, would not have recognized the potential risks and dangers inherent in the tools and associated lithium-ion battery packs identified herein, both pre and post repair.

36. The risk of danger in the design of the to the tool and associated lithium-ion battery pack identified herein outweighed any benefits of the design, and safer alternative designs were available at the time of manufacturer and supply. Therefore, the tool and associated battery pack presented a substantial and unreasonable risk of serious injuries to users of said products, both pre and/or post repair, such as Plaintiff.

37. As a direct and legal result of the foregoing actions or inactions of Defendant, and as a result of the defective condition of to the tool and associated lithium-ion battery pack identified herein both pre and/or post repair, Defendant was a substantial factor in causing Plaintiff to sustain serious and permanent bodily injuries including second and third degree burns, scarring, physical pain and suffering, permanent impairment and loss of function, disability, disfigurement, inconvenience, loss of enjoyment of life and emotional distress consistent with and not over and above that usually associated with the physical injuries he sustained.

38. As a direct and legal result of the conduct of Defendant, and as a direct and legal result of the defective condition of to the tools and associated lithium-ion battery packs identified herein both pre and/or post repair, Plaintiff incurred significant damages, including but not limited to property damage, the expense of hospitalization, expense of medical care and treatment in the past and in the future, lost earnings, lost earning capacity, loss of ability to earn wages in the future; and has been otherwise harmed, injured and damaged.

39. As a direct and proximate result of the aforementioned negligent conduct by Defendant, Plaintiff suffered injuries as alleged herein. The negligence of Defendant was a substantial factor in causing serious injuries to Plaintiff as previously alleged.

40. Upon information and belief, the aforementioned conduct of Defendant was motivated by the financial interests of Defendant in the continuing the uninterrupted manufacture, distribution, supply, repair, and sale of said products. In pursuance of said financial motivation, Defendant consciously disregarded the safety of users and consumers of said products.

41. WHEREFORE, Plaintiff prays judgment against Defendant as herein set forth.

## Count II:  Strict Liability for Manufacturing Defect

42. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

43. At all relevant times, Defendant was engaged in the business of designing, manufacturing, marketing, distributing, assembling, repairing, selling, shipping and/or otherwise intentionally placing to the tool and associated lithium-ion battery pack identified herein into the stream of commerce and directing such products to Texas, including the tool and associated battery pack that injured Plaintiff.

44. The tool and associated lithium-ion battery pack identified herein were defectively manufactured and/or repaired. Specifically, the tools and associated battery pack identified herein deviated from its specifications in a manner that rendered the product unreasonably dangerous.

45. The tool and associated lithium-ion battery pack identified herein were in the same condition at the time Plaintiff was injured as it was when it was originally placed into the stream of commerce and/or post repair when ultimately sold to and/or returned to Plaintiff.

46. The defective manufacture of the tool and associated battery pack identified herein were a direct and producing cause of substantial injuries and damages to Plaintiff.

### Count III: Breach of Implied Warranty

47. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

48. Defendant is engaged in the business of designing, manufacturing, marketing, distributing, assembling, shipping, repairing, and/or selling Milwaukee products to the public, including the tool and associated battery pack identified herein which injured Plaintiff.

49. Defendant warranted that the tool and associated battery pack identified herein which injured Plaintiff. Said warranty included that the aforementioned products were good and fit for the ordinary purpose for which such the tools and battery pack identified herein are used both pre and/or post repair. Said items were not fit for such purposes. Defendant, therefore, breached the implied warranty of merchantability.

50. In Texas, the implied warranty of merchantability is extended to any person who may be reasonably expected to use, consume, or be affected by the goods.

51. The unmerchantability of the tool and associated battery pack identified herein directly and proximately caused Plaintiff substantial injuries and damages.

### Count IV:  Gross Negligence

52. Defendant committed acts of omissions and commission, as listed above, which collectively and severally constituted gross negligence, and that gross negligence proximately caused Plaintiff's injuries and damages for which Plaintiff is entitled to recover punitive damages.

53. When viewed objectively, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others. Defendant knew of this extreme risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

### V.    PRAYER FOR RELIEF

Defendant's conduct as described herein was the direct and producing cause of serious injuries and damages to Plaintiff. Plaintiff therefore seeks recovery for damages suffered as a result of Defendant's conduct, including all remedies allowed at law, general and special, including but not limited to the following elements of damages:

a. Medical care expenses in the past and future;

b. Physical pain in the past and future;

c. Mental anguish in the past and future;

d. Physical impairment in the past and future;

e. Disfigurement in the past and future;

f. Loss of earning capacity in the past and future;

g. Damages to physical property; and

h. Plaintiff is also entitled to punitive damages due to the conduct and gross negligence described herein.

The amount of damages that would fairly and reasonably compensate Plaintiff for his injuries is to be properly determined by a jury after consideration of all the evidence presented at trial.

Respectfully submitted,

**MAREK, GRIFFIN & KNAUPP**
**LEVIN SIMES ABRAMS, LLP**

By: _____

John W. Griffin, Jr.
Bar No. 08460300
Marek, Griffin & Knaupp
The McFaddin Building
203 N. Liberty Street
Victoria, Texas 77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040
Email: jwg@lawmgk.com

                                                Angela J. Nehmens
                                                CA Bar No. 309433
*Admitted Pro Hac Vice*
Levin Simes Abrams LLP
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: anehmens@levinsimes.com

*Attorneys for Plaintiff*