United States District Court
Southern District of Texas
**ENTERED**
April 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KURT DECKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:21-CV-00181 |
| | § | |
| MILWAUKEE ELECTRIC TOOL | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendant's motion to dismiss. (D.E. 94). After consideration, the Court **GRANTS in part** and **DENIES in part as moot** Defendant's motion. (D.E. 94).

### I. Background

In short, Plaintiffs allege that Defendant's tools and the lithium-ion batteries and battery packs in those tools have defects and that these defects caused Plaintiffs to suffer damages including personal injury and property loss. (D.E. 92, p. 2–6).[1] Plaintiffs assert the following causes of actions against Defendant: negligence, strict products liability,[2] breach of implied warranty of merchantability, and gross negligence. *See* (D.E. 92, p. 6–14).

Defendant filed the instant motion to dismiss, arguing that each of Plaintiffs' claims fail. *See* (D.E. 94, p. 5–9). Shortly after filing the motion to dismiss, Defendant filed a motion for

---

[1] Plaintiffs' fourth amended complaint identifies the allegedly defective products as Defendant's "tools, associated lithium-ion battery packs, incorporated lithium-ion 18650 batteries, and lithium-ion 18650 battery pack chargers[.]" *See* (D.E. 92, p. 7). The Court will refer to these allegedly defective products as "the battery packs" throughout this Order.

[2] Plaintiffs subsequently filed an advisory clarifying that their complaint "proceed[s] on design defect and failure to warn" theories of strict liability. (D.E. 132, p. 1). Plaintiffs further clarify that they have dismissed their manufacturing defect theory of strict liability claim. *Id.* at 2.

summary judgment. (D.E. 96). Defendant's motion for summary judgment argues that;
(1) Plaintiffs fail to produce evidence of a defect in Defendant's tools and battery packs; (2) no
evidence exists that Defendant was negligent in manufacturing or designing the tools, and
(3) Plaintiffs cannot establish that Defendant caused Plaintiffs' harm. *See id.* at 1–2. At the most
recent status conference, Defendant argued that resolving the pending issues via summary
judgment would be "a better way to handle the case" than handling it via the motion to dismiss,
given the discovery that has been completed. *See* April 10, 2024 Minute Entry. Plaintiffs and
Defendant appear to agree that it is appropriate for the Court to resolve the pending issues by ruling
on Defendant's motion for summary judgment, rather than by ruling on Defendant's motion to
dismiss. *See id.*

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Davila
v. United States*, 713 F.3d 248, 255 (5th Cir. 2013). "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d
762, 765 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). While a sufficient complaint does not
require detailed factual allegations, the facts pled must raise the plaintiff's "'right to relief above
the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Courts must draw all reasonable
inferences in favor of the plaintiff. *See Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022).
However, a plaintiff is obligated to provide "more than labels and conclusions" or a "formulaic

recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider the contents of the pleadings and its attachments. *Brand Coupon Network, L.L.C v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.*

### III. Analysis

### A. Defendant's summary judgment motion moots part of the motion to dismiss.

Courts often find a motion to dismiss moot when a subsequent summary judgment motion is filed, and that summary judgment motion argues dismissal is appropriate for the same reasons as the motion to dismiss. *See Kremer v. Lysich*, No. 3:19-CV-887, 2021 WL 1845362, at *3 (M.D. Fla. Apr. 22, 2021) (Toomey, Mag. J), *adopted*, No. 3:19-CV-887, 2021 WL 6125448 (M.D. Fla. June 1, 2021) (Davis, J.); *Am. Surgical Assistants, Inc. v. First Health Grp.* No. H-09-347, 2010 WL 538045, at *1 (S.D. Tex. Feb. 11, 2010) (Miller, J.) (denying as moot "motion to dismiss in light of the subsequently filed motion for summary judgment"); *Mueller v. Swift*, No. 15-CV-1974, 2016 WL 11692389, at *1 (D. Colo. Oct. 17, 2016) (Martínez, J.) (denying motion to dismiss as moot where subsequent summary judgment motion raised same arguments as those in the motion to dismiss).

After consideration, the Court agrees with the parties that Plaintiffs' negligence, gross negligence, and strict liability claims should be resolved via summary judgment. As such, the Court **DENIES as moot** Defendant's motion to dismiss as to those claims. *See* (D.E. 94, p. 5–8, 9).

### B. Plaintiffs fail to state an implied warranty of merchantability claim.

At this stage, the Court must determine whether the well-pled facts in Plaintiffs' complaint, taken as true and viewed in the light most favorable to Plaintiffs, "allow[] the court to draw the reasonable inference that the defendant" can be held liable for breaching the implied warranty of merchantability. *See Cicalese*, 924 F.3d at 765 (citation omitted).

A plaintiff seeking to establish "breach of the implied warranty of merchantability under Texas law must prove: (1) that the merchant sold goods to the plaintiff; (2) that the goods were unmerchantable; (3) that the plaintiff notified the defendant of the breach; and (4) that the plaintiff suffered injury proximately caused by the breach." *Andrews v. Dial Corp.*, 143 F. Supp. 3d 522, 527 (W.D. Tex. 2015) (Sparks, J.); (first citing *Coppock v. Nat'l Seating & Mobility, Inc.*, 121 F. Supp. 3d 661, 668 (W.D. Tex. 2015) (Sparks, J.); and then citing *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 667 (Tex. 1999)); *Williams v. Hyster-Yale Grp.*, No. 4:21-CV-1442, 2024 WL 1144889, at *11 (S.D. Tex. Feb. 9, 2024) (Ho, Mag. J.), *adopted*, No. 4:21-CV-01442, 2024 WL 1144267 (S.D. Tex. Mar. 13, 2024) (Bennett, J.). Under Texas law, goods are merchantable if the goods "are fit for the ordinary purposes for which such goods are used[.]" TEX. BUS. & COM. CODE ANN. § 2.314(b)(3); *Andrews*, 143 F. Supp. 3d at 527.[3] "Proof of a defect is required in an action for breach of implied warranty of merchantability under § 2.314(b)(3)." *Andrews*, 143 F. Supp. 3d at 527–28 (quoting *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989) (cleaned up)); *see also Moreno v. Allison Med., Inc.*, No. 3:20-CV-00300, 2022 WL 3702061, at *7 (S.D. Tex. Aug. 9, 2022) (Edison, Mag. J.) (noting that a product must have a defect to be unfit for its ordinary purpose), *adopted*, No. 3:20-CV-00300, 2022 WL 3703858 (S.D.

---

[3] Section 2.314 lists other requirements for merchantability that are not applicable here. *See* TEX. BUS. & COM. CODE ANN. § 2.314(b); *see also* (D.E. 92, p. 14) (alleging that battery packs were "not fit" "for the ordinary purpose for which such [battery packs] are used").

Tex. Aug. 26, 2022) (Brown, J.); *see also Moncibaiz v. Pfizer Inc.*, 532 F. Supp. 3d 452, 462 (S.D. Tex. 2021) (Eskridge, J.).

Of the three elements that Plaintiffs must prove, the Court finds the third—the notice requirement—dispositive.[4] The notice requirement applicable to implied warranty of merchantability claims under § 2.2314 requires "a buyer . . . to give notice of an alleged breach of warranty to a" manufacturer or seller." *See U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 202 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Further, "commencement of litigation does not satisfy the notice requirement." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014) (internal quotations and citations omitted). The burden of alleging notice is on the buyer; failure to allege (or prove) notice bars recovery in breach of warranty actions. *Id.*; *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 189 (Tex. App.—Dallas 1996, no writ). And when "the [c]omplaint is silent on" whether the plaintiff provided pre-suit notice for an implied warranty action, the plaintiff has failed to state a claim. *Goodwin v. Medtronic, Inc.*, No. 6:20-CV-528, 2021 WL 7448501, at *6 (E.D. Tex. June 4, 2021) (Kernodle, J.) (collecting cases); *see also Del Castillo v. PMI Holdings N. Am. Inc.*, 4:14-CV-03435, 2016 WL 3745953, at *3 (S.D. Tex. July 13, 2016) (Ellison, J.) (dismissing breach of implied warranty of merchantability claim where plaintiffs did not provide pre-suit notice).

Here, Plaintiffs allege that the battery packs were "not fit" for ordinary purposes of use, (D.E. 92, p. 14), including Plaintiff Decker's own purposes, like upgrading and modifying

---

[4] Defendant argues that Plaintiffs failed to allege that Defendant sold the tools to Plaintiffs. (D.E. 94, p. 8). At the status conference, Plaintiffs responded that "there is no question" that Defendant sold the allegedly defective tools to Plaintiff Decker because Defendant is an authorized distributor of Northern Tool—a retailer who has been dismissed from the case. *See* (D.E. 39) (dismissing Northern Tool). Given that the Court finds the notice issue dispositive of whether Plaintiffs fail to state an implied warranty of merchantability claim, the Court declines to analyze whether Plaintiffs alleged that Defendant sold the battery packs to Plaintiffs.

vehicles, *id.* at 2–3. But the complaint fails to allege that Plaintiffs gave Defendant the requisite notice. *See* (D.E. 92). Plaintiffs do not allege they sent a letter or any similar notification to Defendant regarding their potential claim for breach of implied warranty of merchantability. *Cf. Harrison v. Medtronic, Inc.*, No. 22-10201, 2022 WL 17443711, at *5 (5th Cir. Dec. 6, 2022) (per curiam) (finding notice was not so unreasonable that is failed as a matter of law where plaintiff notified defendant of a defect via letter); *see also* (D.E. 97, p. 7–8) (failing to address the notice requirement in arguing that Plaintiffs stated a breach of implied warranty of merchantability claim).

At the most recent status conference, Plaintiffs argued that Plaintiff Decker "had communication" with Defendant regarding defective tools, and there is testimony "on the record" to show that Defendant had notification of "other issues" regarding the lithium batteries and their propensity to explode. Plaintiffs further appeared to argue that Plaintiff Decker gave pre-suit notification to Defendant when Plaintiff Decker tried to return a tool for repair.[5] Defendant disagrees that there was *any* pre-suit notice—Defendant argues that its only notice was the filing of the instant suit. However, generally, allegations outside of the pleadings are irrelevant to the motion to dismiss. *See Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 639 (S.D. Tex. 2012), *aff'd*, 527 F. App'x 278 (5th Cir. 2013) (citing *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227–29 (5th Cir. 2008)). And after review of Plaintiffs' complaint, the Court has determined that Plaintiffs fail to allege the requisite pre-suit notice. *See* (D.E. 92). Because the complaint is "silent" as to pre-suit notice, Plaintiffs have not plausibly alleged an implied breach of warranty claim under Texas law. *See Goodwin*, 2021 WL 7448501, at *6.

---

[5] Communication regarding returning a defective tool is different than communication notifying a seller that the seller has breached its warranty and that the buyer has suffered an injury. *See McKay*, 751 F.3d at 706 (noting that general notifications of problem with a product do not constitute requisite pre-suit notice).

## IV. Conclusion

For the reasons above, the Court **GRANTS** Defendant's motion to dismiss with respect to Plaintiffs' implied warranty of merchantability claim. (D.E. 94, p. 8). The Court **DENIES as moot** Defendant's motion with respect to the remainder of Plaintiffs' claims. (D.E. 94, p. 5–8, 9).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
     April 25th, 2024