United States District Court
Southern District of Texas
**ENTERED**
July 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KURT DECKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:21-CV-000181 |
| | § | |
| MILWAUKEE ELECTRIC TOOL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER APPROVING SETTLEMENT AGREEMENT

Before the Court is guardian ad litem Simon Purnell's amended confidential report recommending approval of the settlement agreement in this case as it relates to Kurt Decker. (D.E. 146). For the reasons below, the Court **APPROVES** the settlement agreement.

### I. Background

This action arises from a fire that occurred in Plaintiff Decker's workshop on April 12, 2020. (D.E. 146, p. 1). The fire allegedly originated from Milwaukee Electric Tools Corporation tools and battery packs charging on a workbench in the workshop. *Id.* Mr. Decker "suffered second and third-degree burns, inhalation injury, and neurological damage." *Id.* Additionally, Mr. Decker's property and that of the other Plaintiffs was destroyed. *Id.*

The parties previously filed a joint advisory informing the Court of their agreement to settle all claims, subject to the appointment of a guardian ad litem and the Court's approval of the settlement agreement. (D.E. 143, p. 1). The Court subsequently appointed Mr. Purnell as guardian ad litem and ordered him to make a recommendation to the Court as to approval of the settlement agreement. (D.E. 144). Mr. Purnell submitted a report on June 5, 2024, and the Court held a hearing the next week, where Mr. Purnell requested additional time for the parties to discuss distribution

of settlement funds. *See* June 12, 2024 Minute Entry. The Court reset the hearing for July 11, 2024. *Id.* On July 11, 2024, Mr. Purnell submitted an amended confidential report recommending approval of the settlement agreement. (D.E. 146). The Court held a hearing the same day and indicated approval of the agreement after hearing from all parties. *See* July 11, 2024 Minute Entry. This Order follows.

## II. Legal Standard

The law of a person's domicile controls whether a guardian ad litem may settle a claim on his or her behalf. *See Hickson ex rel. Estate of Hickson v. City of Carrollton*, No. 3:18-CV-2747-B, 2020 WL 5087781, at *2 (N.D. Tex. Aug. 25, 2020) (Ramirez, Mag. J.), *adopted*, No. 3:18-CV-2747-B, 2020 WL 5096680, at *1 (N.D. Tex. Aug. 27, 2020) (Boyle, J.). Under Texas law, while a guardian ad litem has authority to enter into settlement negotiations and execute settlement agreements in the best interest of a party, court approval is required to compromise and settle the claims. *See id.* (internal quotations and citations omitted).

"In evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation." *Id.* (internal quotations and citations omitted); *Rainey v. Cnty. of San Diego*, No. 19-CV-1650, 2023 WL 2626274, at *2 (S.D. Cal. Mar. 24, 2023) (Major, Mag. J.) (recommending approval of settlement agreement involving incompetent adult). "The overarching issue when considering a settlement . . . is whether the settlement is in the best interests" of a party considering the particular facts of the case. *Hickson*, 2020 WL 5087781, at *2 (quoting *Baladez v. Gen. Motors, LLC*, No. 1:17-CV-0194-C-BL, 2018 WL 6737978, at *2 (N.D. Tex. Dec. 18, 2018) (Frost, Mag. J.) (internal quotations omitted), *adopted*, No. 1:17-CV-194, 2018 WL 6831109, at *1 (N.D. Tex. Dec. 28, 2018) (Cummings, J.)).

### III. Discussion

Mr. Purnell recommends that the Court approve the settlement agreement. (D.E. 146, p. 7). In preparing his report, Mr. Purnell reviewed case records including pleadings, medical reports, and other expert reports. *Id.* at 3. Mr. Purnell also conferred with counsel for Defendant Milwaukee, counsel for Plaintiff Decker, a representative from Sage Settlement, Mr. Decker's family, and Mr. Decker himself. *Id.* Mr. Purnell noted that Mr. Decker has "cognitive deficits that call for the scrutiny of the Court," necessitating his appointment as guardian at litem. *Id.*

As to the proposed settlement agreement, Mr. Purnell noted that the amount and structure "should more than adequately provide for Mr. Decker's financial and medical needs in the future." *Id.* at 4. Mr. Purnell also noted that Mr. Decker has strong familial support from his mother, father, sister, and spouse, who are considerate of Mr. Decker's needs and committed to his care. *Id.* at 4–5. The family is advised by "attorneys and financial planners regarding the distribution of the net to client portion of the settlement proceeds." *Id.* at 5. The family plans to use a combination of structured settlement and special needs trust to "protect the proceeds and allow them to grow." *Id.* at 6. Mr. Purnell concludes that the "structured settlement provides a stable income stream and a significant future lump sum payment, while the immediate cash payment allows for the settlement of current debts and expenses." *Id.* at 7. At the hearing, all parties joined Mr. Purnell in recommending approval of the settlement agreement.

Accordingly, after considering the relevant factors, the unopposed recommendation of the guardian ad litem, and the proffers at the July 11, 2024 hearing, the Court finds that the settlement agreement is in Mr. Decker's best interest. *See Hickson*, 2020 WL 5087781, at *2–3; *Rainey*, 2023 WL 2626274, at *2. As such, the Court **APPROVES** the settlement agreement. The Court now **ORDERS** the parties to file appropriate dismissal documents <u>**on or before August 26, 2024.**</u>

Should the parties fail to timely file such documents with this Court, the parties are **ORDERED** to appear before the undersigned on **August 30, 2024, at 10:00 a.m.** to explain why they have failed to comply with this Order.[1]

### IV. Conclusion

For these reasons, the Court **APPROVES** the settlement agreement in this case.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi,
Texas July 12, 2024

---

[1] Parties may access the hearing, if necessary, via the following link:
https://www.zoomgov.com/j/1615444251?pwd=R3g5ZnBwdVpvVkFCUlBVS211UXZ4QT09
Dial by your location
    +1 669 254 5252 US (San Jose)
    +1 646 828 7666 US (New York)
Meeting ID: 161 544 4251
Password: 020679